## SETTLEMENT AGREEMENT AND
## FULL AND FINAL RELEASE OF ALL CLAIMS

This Agreement covers all understandings between Cristina Saintcyr (hereinafter referred to as "Saintcyr") and Fortune Diversified, Inc. (hereinafter referred to as "Defendant"). As referred to in this Agreement, "Other Released Persons" includes Defendant's parent and affiliated corporations, subsidiaries and divisions, all of the current and former officers, directors, employees, and managers of all of these companies, and all of their respective successors, assigns, agents, beneficiaries, servants, legal representatives, insurers and heirs.

1. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Saintcyr agrees as follows:

   A. To settle any and all claims and actions of any nature whatsoever between Saintcyr and Defendant and Other Released Persons and release and forever discharge Defendant and Other Released Persons of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause of thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Saintcyr's previous employment or separation from employment with Defendant, or related to the transactions or matters which are the subject matter of the Complaint filed by Cristina Saintcyr in the United States District Court for the Southern District of Florida, styled *Cristina Saintcyr v. Fortune Diversified, Inc. d/b/a Burger King Corporation,* Case No.18-24032-CIV-GRAHAM, including without limitation any claims arising from any alleged violation of any and all federal, state, or local laws, including the Civil Rights Acts of 1866, 1871, 1964, and 1991, the Employment Retirement Income Security Act of 1974, the Occupational Safety and Health Act, the Immigration Reform and Control Act of 1986, the Fair Labor Standards Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act of 1967, the Older Workers' Benefit Protection Act, the Family and Medical Leave Act of 1993, the Florida Civil Rights Act, the Florida Private Whistleblowers' Act, the retaliation provision of the Florida Workers' Compensation Act, and all local ordinances, as well as common law causes of action for all torts, including but not limited to battery, assault, invasion of privacy, intentional infliction of emotional distress, false imprisonment, and negligent supervision/retention, and all causes of action based on contract or quasi-contract. This is not a complete list, and Saintcyr waives and releases all similar rights and claims under all other federal, state, and local discrimination provisions and all other statutory and common law causes of action or administrative claims relating in any way to Saintcyr's previous employment or any termination of employment with Defendant, existing at any time prior to this Agreement, whether known or unknown.

   B. To file a motion for Court approval of this Agreement, with the Court reserving jurisdiction to enforce the terms of the settlement and dismissing with prejudice Saintcyr's claims in the lawsuit titled *Cristina Saintcyr v. Fortune Diversified, Inc.,* Case No. 18-24032-CIV-GRAHAM. Saintcyr understands that payment by Defendant will not be due until the settlement has been approved by the Court and this case has been dismissed with prejudice.

_____
Fortune Diversified, Inc.

_____
Cristina Saintcyr

C. To agree and acknowledge that this settlement is the compromise of a disputed claim and does not constitute an admission by Defendant or Other Released Persons of any violation of any federal, state, or local statute or regulation, or any violation of any of Saintcyr's rights or of any duty owed by Defendant or Other Released Person to Saintcyr.

D. Except as provided in Paragraph 3, Saintcyr expressly acknowledges that she has been paid for all hours worked, including all salary, wages, and overtime payments and that no other compensation of any kind is owed to her.

E. Not to testify for, appear on behalf of, or otherwise assist in any way any individual or company in any claim against Defendant except, unless, and only pursuant to a lawful subpoena or other legal process issued to Saintcyr. If such a subpoena is issued, Saintcyr will immediately notify Cathy M. Stutin at Fisher & Phillips LLP, 450 East Las Olas Boulevard, Suite 800, Fort Lauderdale, Florida 33301 and provide her with a copy of the subpoena, unless the subpoena reflects that she has already received a copy.

F. That Saintcyr has not filed any charge, complaint, or lawsuit asserting any claim(s) referenced in Paragraph 1A of this Agreement other than the lawsuit referenced in Paragraph 1A. While Saintcyr understands that the law does not foreclose her from filing an agency charge, should any such charge or action be filed by Saintcyr or on her behalf involving matters covered by this Agreement, Saintcyr agrees to promptly give the agency or court having jurisdiction a copy of this Agreement and inform them that any individual claims she might otherwise have had have been settled. Saintcyr agrees not to file any lawsuit at any time over any claims released in this Agreement, provided, however, that this Agreement does not prevent Saintcyr from filing a lawsuit challenging whether this Agreement is itself legal.

2. Saintcyr also waives her right to recover in any action which may be brought on her behalf by any person or entity, including, but not limited to, any governmental department or agency such as the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Relations or the U.S. Department of Labor.

3. For and in consideration of the promises made by Saintcyr in Paragraphs 1 and 2 of this Agreement, Defendant agrees to pay Saintcyr the total sum of Five Thousand Dollars and Zero Cents ($5,000.00), allocated as follows:

A. one check made payable to Cristina Saintcyr in the amount of One Thousand Two Hundred Fifty-Nine Dollars and Fifty Cents ($1,259.50), less applicable taxes and withholdings, for which Cristina Saintcyr shall be issued a W-2 Form;

B. one check made payable to Cristina Saintcyr in the amount of One Thousand Two Hundred Fifty-Nine Dollars and Fifty Cents ($1,259.50), for which Cristina Saintcyr shall provide a completed W-9 Form and for which she shall be issued a Form 1099; and

C. one check made payable to Remer & Georges-Pierre PLLC (EIN# 36-6423742) in the amount of Two Thousand Four Hundred Eighty-One Dollars and Zero Cents

_____
Fortune Diversified, Inc.

_____
Cristina Saintcyr

($2,481.00), for which Remer & Georges-Pierre PLLC shall provide a completed W-9 Form and for which it will be issued a Form 1099.

Payment shall be made within 10 business days after the later of: Saintcyr's execution and delivery of this Agreement to Defendant with the required tax forms; dismissal of the lawsuit with prejudice; and Court approval of this Agreement.

4. Saintcyr agrees that she is solely and entirely responsible for the payment of any and all federal taxes, social security taxes, state taxes and/or local taxes, if any, which may be found to be due on the amounts specified in Paragraphs 3B & C, above, and to indemnify and hold Defendant harmless against any claim for such taxes or related penalties or interest, and attorney's fees and costs expended by Defendant in any action against Saintcyr necessary for indemnification of such taxes, penalties, or interest. Saintcyr acknowledges that Defendant have made no representation regarding the taxability of the settlement funds, penalties or interest.

5. In the event that any party to this Agreement commences an action for damages, injunctive relief, or to otherwise enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. This Agreement supersedes all prior agreements and understandings between Saintcyr and Defendant. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by Saintcyr and an authorized representative of Defendant.

7. Employee represents that Employee is not enrolled in the Medicare program and was not enrolled during her employment with Employer or anytime thereafter through the date of this Agreement. Employee represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of Employee and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from or related to any matters release in Paragraphs 1 and 2. Employee further agrees that Employee, and not the Company, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted.

8. To the extent that Employee's representations and warranties related to Employee's Medicare status and receipt of medical services and items related to the matters released in Paragraph 2 are inaccurate, not current, or misleading, Employee agrees to indemnify and hold harmless the Company from any and all claims, demands, liens, subrogated interests, and causes of action of any nature or character that have been or may in the future be asserted by Medicare and/or persons or entities acting on behalf of Medicare, arising from or related to this Agreement, the payment of the settlement amount, any Conditional Payments made by Medicare, or any medical expenses or payments arising from or related to any of the matters released in Paragraph 2, including but not limited to: (a) all claims and demands for reimbursement of Conditional Payments or for damages or double damages based upon any failure to reimburse Medicare for Conditional Payments; (b) all claims and demands for penalties based upon any failure to report,

_____
Fortune Diversified, Inc.

_____
Cristina Saintcyr

late reporting, or other noncompliance with or violation of Section 111 of MMSEA that is based in whole or in part upon late, inaccurate, or inadequate information provided to the Company by Employee or Employee's Counsel or upon any failure of Employee or Employee's Counsel to provide information; and (c) all Medicaid liens.  This indemnification obligation includes all damages, double damages, fines, penalties, attorneys' fees, costs, interest, expenses, and judgments incurred by or on behalf of the Company in connection with such claims, demands, subrogated interests, or causes of action.  Regardless of the accuracy of the representations and warranties made above, Employee agrees to indemnify and hold the Company harmless for taxes on the payments made to Employee under this Agreement and any tax consequences related thereto, except those prohibited by law.

9. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall be severable and shall not be affected thereby, and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement.  All other valid provisions shall survive and continue to bind the parties.

10. The law governing this Agreement shall be that of the United States and the State of Florida.

11. In signing this Agreement, Saintcyr agrees and certifies that: (a) she has carefully read and fully understands the provisions of this Agreement; (b) that Defendant has, by this Agreement, advised her to consult with an attorney of her choice before signing this Agreement; (c) she has been allowed a reasonable period of time in which to consider this Agreement before signing; (d) she agrees to the terms of this Agreement knowingly, voluntarily and without intimidation, coercion or pressure, and she intends to be legally bound by the Agreement; and (e) having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft this Settlement Agreement, Saintcyr agrees that this Settlement Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

12. This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one instrument. An electronic or facsimile signature copy shall be deemed to be an original.

Date: 11/01/18            Signature: _____
                                     Cristina Saintcyr

Date: 11/07/2018          Signature: _____
                          By:
                          On Behalf of Fortune Diversified, Inc.


Fortune Diversified, Inc.

Cristina Saintcyr